PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JULIO H. MORALES ET AL., Defendants and Appellant the first.

No. 5408. Argued November 22, 1934.—Decided December 13, 1934.

*Abelardo Román Font* for appellant.   R. A. *Gómez, Fiscal,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The district attorney of Humacao filed an information against Julio H. Morales and Benito Roque charging the offense of adulterating milk, as follows:

"The defendant Julio H. Morales, who is the owner of a milkstand in the city of Caguas, with license No. 13 issued by the Health Department, and the defendant Benito Roque, a milkman with license No. 10, in said milkstand, on May 11, 1933, in the Municipality of Caguas, within the judicial district of Humacao, P. R., unlawfully, wilfully and maliciously kept for sale and did sell as pure and for human consumption cow's milk adulterated with water in 22 per cent."

Roque confessed his crime.  Morales denied the information and after a trial, the court convicted him and imposed on him a thirty-five dollars fine.  Feeling aggrieved, he appealed.

He assigns in his brief the commission of four errors involving the same question, to wit: his erroneous conviction on the ground that it had been proved that he kept for sale and did sell as pure and for human consumption adulterated cow's milk.

The following are admitted facts: that on May 11, 1933, the defendant Morales was the owner of a milkstand in Caguas; that Roque, the other defendant, was a milkman who delivered the milk of Morales; and that on said date adulterated cow's milk which he sold for public consumption, was seized from a can of Morales.  And it is a question already

decided in the affirmative by this Court that in a case of this character, both the owner of the milkstand and his agent may be convicted of the offense.

██ The only thing which is in controversy is whether or not there was sufficient evidence of the facts that the milk sold by Roque belonged to Morales, and, in case it did, that said milk was sold as pure and for human consumption.

F. L. Mora, a Health Inspector, the only witness presented by The People, said that when he seized the milk from Roque, the latter told him that it did not belong to Morales, but to him, and while testifying as a witness for the defense, Roque confirmed his statement. There are also two witnesses presented by the defense who testified that on the indicated day they had seen Roque pouring water in the milk.

Was the presumption arising from Roque's employment thwarted by his own testimony? Was the trial court bound to entirely believe his testimony?

It was not, in our opinion, and, this being so, and the fact not having been shown that it acted moved by passion, prejudice, or bias in not believing the same, or that it committed manifest error, it must be concluded that the presumption was not thwarted and that the evidence that the milk belonged to Morales is sufficient.

██ We also deem sufficient the evidence that the milk was sold as pure and for human consumption.

Only the persons who obtain the license required by law can engage in the sale of said food. And they obtain the same to sell pure food, so that if they fail to do so, they are guilty of a criminal act defined and punished by the law itself. When the product is offered for sale in conditions other than its natural state of purity, it is necessary for the seller to so specify. The offer for sale and the sale in normal conditions, as in this case, imply the offer for sale and the sale of the product as pure.

The same may be said regarding the sale for human consumption. The current practice is that the milk is sold as

food for human beings. Milk that is sold for public consumption, is sold for human consumption. Milk is the food par excellence of the human being and human beings constitute the consuming public.

In conditions similar to those of this case, this same Court has held the evidence to be sufficient. *People* v. *Nieves,* 44 P.R.R. 404; *People* v. *Rivera,* 43 P.R.R. 884.

The appeal must be dismissed and the judgment appealed from affirmed.